UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN W. PRITT, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:16-cv-03125-JMS-DML |
| BRANDOU, | ) |
| Defendant. | ) |

**ENTRY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

Plaintiff Steven Pritt is currently incarcerated at the New Castle Correctional Facility (New Castle). He filed a civil rights complaint alleging he was subjected to excessive force by defendant Deputy Brandau while being escorted to medical at the Marion County Jail.[1] The Court screened his complaint and determined that Mr. Pritt adequately stated an excessive force claim pursuant to the Fourth Amendment against Deputy Brandau. Dkt. 23.

Presently pending before the Court are the plaintiff's motion for summary judgment and the defendant's cross-motion for summary judgment.

The plaintiff's motion argues that there is sufficient evidence to show that the defendant committed excessive force against him. Dkt. 76.[2] The defendant's motion argues that the plaintiff's

---

[1] The defendant spells his last name as Brandau in his summary judgment filings. The Court will update the docket with the correct spelling.

[2] As an initial matter, in the plaintiff's motion for summary judgment, in addition to his argument regarding excessive force, he also claims for the first time that the defendant is "liable for the due process violation for failing to carry out the policy of grievance in the jail system," dkt. 76, pp. 6-7, and the defendant's "conduct denied the plaintiff his due process rights and freedom of speech being retaliation." Dkt. 76, p. 7. The only claim that was permitted to proceed in this action was

constitutional claim is without merit because the defendant only placed the plaintiff in handcuffs and such conduct does not amount to a constitutional violation. Dkt. 86. The defendant also argues he is entitled to qualified immunity. For the reasons set forth below, the plaintiff's motion for summary judgment, dkt. [74], is **granted** and the defendant's cross-motion for summary judgment, dkt. [86], is **denied.**

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp*., 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc*., 657 F.3d 625, 630 (7th Cir. 2011).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The existence of cross-motions for summary judgment does not imply that there are no

---

his claim for excessive force against Brandau. Thus, the Court will not address his due process claim.

genuine issues of material fact. *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Engineers, Local Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003). Local Rule 56-1(e) requires that facts asserted in a brief must be supported "with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence." *Id*. The Court "has no duty to search or consider any part of the record not specifically cited in the manner described in subdivision (e)." Local Rule 56-1(h); *see Kaszuk v. Bakery and Confectionery Union and Indus. Int'l. Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986).

Here, Mr. Pritt's motion for summary judgment includes an appendix and entry of exhibits, dkt. 75, a statement of undisputed facts, dkt. 77, and a declaration, dkt. 78. Only the declaration is signed under penalty of perjury. His statement of undisputed facts is the only submission in which each fact is supported with a citation to a discovery response, deposition, affidavit, or other admissible evidence as required by Local Rule 56-1(e). However, taken together, these documents sufficiently comply with Local Rule 56-1 because courts are not required to hold *pro se* litigants to the potential consequences of their failure to comply with the local rules and can instead take "a more flexible approach," including by ignoring the deficiencies in their filings and considering the evidence they submit. *See Gray v. Hardy*, 826 F.3d 1000, 1004-05 (7th Cir. 2016). Such flexibility is particularly warranted when a *pro se* litigant is proceeding without the benefit of counsel and where such flexibility allows the case to be considered on the merits. *See Robinson v. Sweeny*, 794 F.3d 782, 784 (7th Cir. 2015) ("[i]f the courts intend not to excuse procedural mistakes by *pro se* litigants, the spirit of legal justice would seem to require that someone inform those litigants of the rudiments of federal procedure . . . .").

# III. STATEMENT OF UNDISPUTED MATERIAL FACTS

Consistent with the foregoing, the following facts were evaluated pursuant to the standards set forth above.

Mr. Pritt was transferred to the Marion County Jail on July 13, 2016, for post-conviction proceedings.[3] He stayed there for nine days until July 22, 2016. Dkt. 78, ¶ 3. On or about July 22, 2016,[4] while at the Jail, Deputy Brandau escorted Mr. Pritt to the nurse for an examination. Dkt. 77, ¶ 1; dkt. 75, p. 32. Deputy Brandau placed Mr. Pritt in handcuffs before he escorted him to the nurse. Dkt. 77, ¶ 4. According to Mr. Pritt, as they were walking, Deputy Brandau stated to Mr. Pritt "we're going up here to the elevator around the corner and down to the nurse." Dkt. 75, p. 20. As they rounded the corner, Deputy Brandau jerked Mr. Pritt to the side by his elbow, turned Mr. Pritt to face him, and used his forearm to slam Mr. Pritt's chest into the wall, while stating "you don't listen." *Id*. Deputy Brandau then took his right foot and stomped on Mr. Pritt's left foot and then kneed Mr. Pritt in his right thigh. *Id*. They arrived at medical and the nurse asked Mr. Pritt if he had any wounds or scratches. Deputy Brandau glared at Mr. Pritt and Mr. Pritt responded, "no, not yet." *Id*. The nurse did not examine Mr. Pritt for any bruises and the rest of the examination focused on Mr. Pritt's heart condition. *Id.* Mr. Pritt sustained a large bruise on his thigh. *Id*., p. 21.

---

[3] At the time the alleged assault occurred, Mr. Pritt was a convicted felon. He was not a pre-trial detainee, so the Eighth Amendment applies.

[4] The exact date the incident of excessive force occurred is unclear. The July 22, 2016, date is found in a declaration signed by Mr. Pritt on May 4, 2017. It is not clear for what purpose the declaration was created, but it is signed under penalty of perjury. Dkt. 75, pp. 20-21. This declaration states Deputy Brandau escorted him to medical and used excessive force on him on July 22, 2016. However, there is an entry in the Jail's offender management system in which Deputy Brandau escorted Mr. Pritt to medical on July 14, 2016. Dkt. 75, p. 32. Additionally, Mr. Pritt submitted a declaration in support of estimate of damages and stated that Deputy Brandau used excessive force on him on July 14, 2016, while escorting him to medical. Dkt. 75, p. 23.

Officer Brandau has no recollection of this incident. Dkt. 75, p. 44.[5]

## IV. DISCUSSION[6]

A. **Excessive Force-Eighth Amendment**

In his amended complaint, Mr. Pritt alleges that Deputy Brandau used excessive force against him in violation of the Eighth Amendment. Dkt. 24.

The Eighth Amendment ban on cruel and unusual punishment prohibits the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The use of excessive force can support a viable claim under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). To determine whether a viable excessive force claim is presented here, the "core judicial inquiry" is whether "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted). "Whether [Deputy Brandau's] actions were done in a malicious and sadistic manner to cause harm is a strict and fairly high threshold." *Lunsford v. Bennett*, 17 F.3d 1574, 1581 (7th Cir. 1994). Factors relevant to the inquiry include:

---

[5] Deputy Brandau also denied that he assaulted Mr. Pritt, a legal conclusion. Dkt. 75, p. 44. However, Deputy Brandau did not dispute or deny any of the facts set forth by Mr. Pritt in his declaration. Further, an individual cannot both deny that an event happened and at the same time assert that he has no recollection of the event. For these reasons, the Court finds the facts as presented by Mr. Pritt in his declaration undisputed.

[6] In the defendant's response in opposition to summary judgment, he does not make a legal argument. Rather, his brief simply focuses on the technical deficiencies in Mr. Pritt's motion for summary judgment. Dkt. 85. Interestingly, despite taking issue with the presentation of Mr. Pritt's evidence, Deputy Brandau did not designate any evidence, such as an affidavit in support of either his response in opposition to summary judgment or his cross-motion for summary judgment. However, in his response in opposition to Mr. Pritt's motion for summary judgment, he does cite to evidence provided by Mr. Pritt to support the factual statement that Deputy Brandau has no recollection of the events that occurred on or about July 22, 2016. Dkt. 85, p. 1; dkt. 75, p. 44. Based on Deputy Brandau's reliance on Mr. Pritt's evidence to support his factual statements, the Court does not understand why counsel could not present a more developed factual statement. The evidence Mr. Pritt provided, while unorthodox in its presentation, was not hidden or even time-consuming to read and understand.

> the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner. With regard to the last of these factors, while significant injury is not required, a claim ordinarily cannot be predicated upon a *de minimis* use of physical force. Thus, not every push or shove by a prison guard violates a prisoner's constitutional rights.

*DeWalt v. Carter*, 224 F.3d 607, 619 -20 (7th Cir. 2000) (internal citations omitted).

It is undisputed that Deputy Brandau used excessive force against Mr. Pritt while he was being escorted to medical on or about July 22, 2016. Specifically, Deputy Brandau jerked Mr. Pritt to the side by his elbow, turned Mr. Pritt to face him, and used his forearm to slam his chest into the wall, while stating "you don't listen." *Id*. Deputy Brandau then took his right foot and stomped on Mr. Pritt's left foot and then kneed Mr. Pritt in his right thigh. *Id*. There is no evidence the force used by Deputy Brandau was "applied in a good-faith effort to maintain or restore discipline." *See Wilkins*, 559 U.S. at 37. Rather, because there was no need for such force, no threat reasonably perceived by Deputy Brandau, and no effort to temper the severity of the force, the force was used "maliciously and sadistically to cause harm." *Id.* Additionally, although Mr. Pritt did not suffer a significant injury, being kneed in the thigh and having a foot stomped is not "*de minimis*." Accordingly, the Court finds that Deputy Brandau committed a constitutional violation. Thus, Mr. Pritt's motion for summary judgment is granted to this extent. As to Deputy Brandau's cross-motion for summary judgment on this issue, he failed to show that he is entitled to judgment as a matter of law.

**B. Qualified Immunity**

In his cross-motion for summary judgment, Deputy Brandau raises the defense of qualified immunity. Deputy Brandau asserts that placing Mr. Pritt in handcuffs before transporting him to medical does not amount to a constitutional deprivation, and even if Mr. Pritt had a constitutional

right not to be placed in handcuffs before being transported, it is his burden to prove this was a clearly established right. However, this argument ignores the undisputed facts presented by Mr. Pritt.

As a general matter, the "doctrine of qualified immunity shields public officials from civil liability if their 'conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Allin v. City of Springfield*, 845 F.3d 858, 862 (7th Cir. 2017) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). The Seventh Circuit described the burden that falls upon a plaintiff when a defendant raises a qualified immunity defense, providing as follows that:

> Although qualified immunity is an affirmative defense, the plaintiff has the burden of defeating it once the defendants raise it. To do so, the plaintiff must show (1) that the defendant violated a constitutional right, when construing the facts in the light most favorable to the plaintiff, and (2) that the right was clearly established at the time of the alleged violation, such that it would have been clear to a reasonable actor that her conduct was unlawful. A failure to show either is fatal for the plaintiff's case, and we may begin (and possibly end) with either inquiry.

*Archer v. Chisholm*, 870 F.3d 603, 613 (7th Cir. 2017); *see also Gonzalez v. City of Elgin*, 578 F.3d 526, 540 (7th Cir. 2009) (quoting *Smith v. City of Chicago*, 242 F.3d 737, 742 (7th Cir. 2001)) (a plaintiff can meet the burden of demonstrating the violation of a clearly established right "by showing that there is 'a clearly analogous case establishing a right to be free from the specific conduct at issue' or that 'the conduct is so egregious that no reasonable person could have believed that it would not violate clearly established rights.'").

"To be clearly established, at the time of the challenged conduct, the right's contours must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Humphries v. Milwaukee Cnty.*, 702 F.3d 1003, 1006 (7th Cir. 2012) (internal

quotation omitted). "While a case directly on point is not required, existing precedent must have placed the statutory or constitutional question beyond debate." *Id*.

The Court has already determined that Deputy Brandau used excessive force against Mr. Pritt. The force used by Deputy Brandau was done maliciously and sadistically to cause harm and not based on a good-faith effort to maintain or restore discipline because there is no evidence that there was a purpose for the use of force. Mr. Pritt's right to be free of excessive force was clearly established at the relevant time. *Whitley*, 475 U.S. at 319. Deputy Brandau has failed to identify any support to the contrary. Thus, Deputy Brandau is not entitled to qualified immunity for Mr. Pritt's Eighth Amendment claim. The cross-motion for summary judgment based on qualified immunity is denied.

## V. CONCLUSION

For the foregoing reasons, the plaintiff's motion for summary judgment, dkt. [74], is **granted** and the defendant's cross-motion for summary judgment, dkt. [86], is **denied**.

Because this Entry resolves the question of liability, this matter will now proceed to resolve the question of damages. Accordingly, no judgment shall issue at this time.

**The clerk is directed** to update the docket to reflect that the defendant's last name is correctly spelled "Brandau."

**IT IS SO ORDERED**.

Date: 11/13/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

STEVEN W. PRITT
196024
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Thomas J.O. Moore
OFFICE OF CORPORATION COUNSEL
thomas.moore@indy.gov

Adam Scott Willfond
OFFICE OF CORPORATION COUNSEL
adam.willfond@indy.gov